UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARL A. COLEMAN,

      Petitioner,

          v.                                    CAUSE NO. 3:26-CV-641-PPS-JEM

WARDEN,

      Respondent.

OPINION AND ORDER

Carl A. Coleman, a prisoner without a lawyer, filed a habeas petition attempting to challenge his conviction and seventy-three-year sentence for attempted rape, burglary, and confinement under case number 20D02-0910-FB-30. Under Section 2254 Habeas Corpus Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

This is not the first time Coleman has sought federal habeas relief for this conviction. He first attempted to obtain habeas relief in *Coleman v. Warden*, 3:14-CV-428 (N.D. Ind. filed March 6, 2014). I presided over that case. Because I was concerned about his ability to adequately represent himself, I appointed an experienced habeas corpus attorney to represent him. After full briefing and serious consideration, I denied habeas relief and dismissed that case.

Under 28 U.S.C. § 2244(b), "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th

Cir. 1996). This case is a successive petition. The Seventh Circuit Court of Appeals has not authorized Coleman to file a successive petition, so I must dismiss this case.

Under Section 2254 Habeas Corpus Rule 11, I must now decide whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Coleman will be denied a certificate of appealability.

As a final matter, I note Coleman declared, under penalty of perjury, that he had not previously challenged this conviction in federal court. ECF 1 at 2. I will not sanction him this time, but he is cautioned that making false statements is sanctionable. He is further cautioned that if he files another unauthorized habeas petition challenging this conviction, he may be sanctioned even if he discloses his prior habeas petitions.

For these reasons, the court: (1) DISMISSES this case as an unauthorized successive petition in violation of 28 U.S.C. § 2244(b)(3)(A); (2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and (3) DIRECTS the clerk to close this case.

ENTERED: May 13, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

2